**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALENDER SALENDER,<br><br>            Petitioner,<br><br>      v.<br><br>WARDEN, Facility Administrator of the Desert View Facility, et al.,<br><br>            Respondents. | Case No. 5:26-CV-03291-RAO<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On June 15, 2026, Petitioner Salender Salender ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against the Warden, Desert View Facility; Ernesto M. Santacruz, Field Office Director, Los Angeles Immigration and Customs Enforcement ("ICE"); Todd Lyons, Acting Director, ICE; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; and Todd Blanche, Acting Attorney General (collectively, "Respondents"). Dkt. No. 1 ("Pet.").

On June 15, 2026, the matter was assigned to the undersigned. *See* Dkt. Nos. 3, 4.

Petitioner claims that his current detention at the Desert View Facility in Adelanto, California violates his Fifth Amendment due process rights and the

Immigration and Nationality Act.  *See generally* Pet.  Petitioner requests immediate release from immigration custody.  *Id.* at 18.  On June 22, 2026, Respondents filed an answer to the Petition stating they are "not presenting an opposition argument at this time."  Dkt. No. 9.  For the reasons set forth below, the Court GRANTS the Petition.

The Court incorporates the factual background as set forth in the Petition.  *See* Pet. at 1-2, 4, 8, 12-14.  The Court notes that publicly available ICE records confirm Petitioner's detention within this District.

Petitioner argues, *inter alia*, that his ongoing detention violates his constitutional due process rights.  *Id*. ¶¶ 39-59.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is an order that he be released immediately.  Pet. at 18. As this Court (and others) have already ruled, individuals conditionally released from custody have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *See Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026); *Singh* v. *Janecka*, No. CV 26-1466-AYP, 2026 WL 1334832, at *5 (C.D. Cal. May 8, 2026); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026).  Given Respondent's non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status and the lack of any justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. *See id.*

2

**CONCLUSION**: In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith.  Respondents must IMMEDIATELY RELEASE Petitioner Salender Salender (A# 246-001-861) from custody.  At the time of release, Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: June 22, 2026

                                        /s/
                                    ROZELLA A. OLIVER
                                    UNITED STATES MAGISTRATE JUDGE